VIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BLAKE CHAPMAN,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>VOESTALPINE USA CORP., VOESTALPINE<br>TEXAS HOLDING LLC, and VOESTALPINE<br>TEXAS LLC<br><br>*Defendants.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br><br><br>RULE 23 CLASS ACTION |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Blake Chapman brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Class Members") against voestalpine USA Corp. ("voestalpine USA"), voestalpine Texas Holding LLC ("voestalpine Holding"), and voestalpine Texas LLC ("voestalpine Texas") (collectively "Defendants") for injuries and damages suffered as a result of Defendants' operations and activities at Defendants' direct reduction facility in San Patricio County, Texas (the "Project").

**I.
OVERVIEW**

1.1     Plaintiff brings this as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all others similarly situated as members of the Class; on their federal and state law claims as residents and business owners in San Patricio County, Texas who have incurred damages as a result of Defendants' operations and activities at the Project.

1.2     Specifically, Defendants own and operate the Project in San Patricio County, Texas. The Project converts pre-processed iron oxide pellets into highly metallized iron in the form of Hot Briquetted Iron (HBI).

1.3     The Project became fully operational on April 1, 2017. Almost immediately, Plaintiff and the Class Members began noticing a fine layer of dust covering their homes, cars, outdoor furniture and businesses.

1.4     Plaintiff prays that this Court certify a Rule 23 class action to allow Plaintiff and the Class Members to recover their damages specifically caused by Defendants.

## II.
## THE PARTIES

2.1     Plaintiff Blake Chapman is a citizen of the State of Texas and currently resides in Portland, San Patricio County, Texas.

2.2     Plaintiff and the Class Members are individuals, both natural and artificial, living in, owning and/or operating businesses in San Patricio County, Texas from 2017 through the final disposition of this matter.

2.3     Defendant voestalpine USA Corp. ("voestalpine USA") is a foreign corporation, having its principal place of business in Austin, Texas and may be served with process through its registered agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.4     Defendant voestalpine Texas Holding LLC ("voestalpine Holding") is a foreign limited liability company, having its principal place of business in Corpus Christi, Texas and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.5     Defendant voestalpine Texas LLC ("voestalpine Texas") is a foreign limited liability company, having its principal place of business in Corpus Christi, Texas and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION & VENUE

3.1     This Court has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the aggregated amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and cost, and a member of a class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. §§ 1332(d)(2) and (6).

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

3.3     This Court has supplemental jurisdiction over all the state law claims and causes of action asserted pursuant to 28 U.S.C. §1367(a).

3.4     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.5     Specifically, the voestalpine Project is located in San Patricio County, Texas, which is located within this District and Division.

3.6     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FACTS

4.1     The voestalpine Group ("voestalpine") is a steel-based technology and capital goods group and a world leader in the manufacture, processing, and development of sophisticated steel products.[1] voestalpine supplies technology-intensive sectors, such as the automotive, railway, aviation, and energy industries.[2]

---

[1] *See* http://www.voestalpine.com/texas/en/Company.

[2] *Id.*

4.2     **Defendant** voestalpine Texas LLC ("voestalpine Texas") is the local presence of the voestalpine Group in South Texas and a 100% subsidiary of voestalpine AG.[3]

4.3     The La Quinta Trade Gateway in San Patricio County is the home of voestalpine's direct reduction facility (the "Project").[4] The Project is located on Corpus Christi Bay and covers an area of almost 500 acres (approx. 2 square kilometers).[5]

4.4     **The Project is** voestalpine's largest foreign direct investment and purportedly a major step in achieving a low-carbon economy.

4.5     Specifically, the Project converts pre-processed iron oxide pellets into highly metallized iron in the form of Hot Briquetted Iron (HBI).

4.6     Defendants claim that the layout of the Project is "designed with our neighboring communities and the environment in mind. The application of best available emission control technologies, the construction of berms and buffer zones and the creation of artificial shallow water habitats ensures that this state-of-the-art facility will have no adverse effect on neighboring communities, fauna and flora."[6]

4.7     Indeed, Defendants claim to be individually accountable and collectively responsible by and through the following:

- We will operate in a way that is safe for the community and our employees
- We will engage in and honest and open dialogue and respond quickly and fully to questions
- We will provide the community a Project update on a regular basis through a range of communications channels

---

[3] *See* http://www.voestalpine.com/texas/en/Company/voestalpine-Texas-LLC.

[4] *See* http://www.voestalpine.com/texas/en/Project/The-Site.

[5] *Id.*

[6] *See* http://www.voestalpine.com/texas/en/Project/The-Site.

*Original Class Action Complaint*                                                                                       Page 4

- We will strive to minimize our environmental footprint. We are committed to protecting water resources and the existing flora and fauna.

- We will provide opportunities for local businesses to maximize the Project's local content

- We will maximize opportunities for local employment and training by working with government and regional educational and training institutions.[7]

4.6     If only that were true. Unfortunately, Plaintiff and the Class Members have been damaged as a direct result of the emissions of HBI into their community.

4.7     Specifically, the Project became fully operational on April 1, 2017.[8] Almost immediately, Plaintiff and the Class Members began noticing a fine layer of black dust covering their homes, cars, outdoor furniture and businesses.[9]

4.8     Upon information and belief, the black dust that emanated (and continues to emanate) from the Project is potentially harmful, toxic and/or corrosive and poses an immediate threat to the health and property of Plaintiff and the Class Members.

## V.
## CAUSES OF ACTION

**NEGLIGENCE**

5.1     Plaintiff and the Class Members incorporate by reference each preceding paragraph as though fully set forth herein.

5.2     Plaintiff and the Class Members allege that the HBI emissions from the Project and the resulting injuries and damages suffered by Plaintiff and the Class Members were (and continue to

---

[7] See http://www.voestalpine.com/texas/en/Community.

[8] See http://www.voestalpine.com/group/en/media/press-releases/2017-05-10-voestalpine-direct-reduction-plant-in-texas-fully-operational-since-april-1-2017/.

[9] See http://www.kristv.com/story/35456555/portland-residents-concerned-about-black-dust-on-homes.

be) caused by the negligence and fault of Defendants, including but not limited to the following acts and omissions:

    a. Failure to maintain a safe work place;

    b. Failure to have a reliable system or device at the Project to prevent the release and/or warn of the release of HBI and other potentially harmful toxins;

    c. Failure to perform work in a safe and prudent manner;

    d. Failure to exercise reasonable and prudent care in the operations which were occurring at the Project on the date(s) at issue;

    e. Failure to implement, follow and enforce proper operations procedures;

    f. Failure to implement, follow and enforce proper safety procedures;

    g. Failure to implement, follow, and enforce proper hazard analysis;

    h. Operating the Project with institutional ignorance of and/or defiance to a culture of safety and accountability;

    i. Failing to inspect and maintain the equipment associated with the direct reduction process;

    j. Causing and permitting to be caused a release of numerous toxins and other unknown particulate matter into the community(ies) in and around the Project;

    k. Operating the Project without appropriate and trained staffing and supervision;

    l. Operating the Project with equipment and processes that defy reasonable engineering, industry and regulatory practices;

    m. Managerial acceptance or encouragement of normalized deviation from appropriate direct reduction procedures;

    n. Failing to implement, follow, enforce and/or train regarding proper hazard analysis;

    o. Failing to maintain a reliable system and/or device at the Project to prevent the release or to warn of the release of toxic and poisonous chemicals;

    p. Undertaking a conscious effort to reduce costs and staffing at the expense of safety;

    q. Failing to adopt proper operating procedures at the Project;

      r.      Failing to comply with proper operating procedures at the Project;

      s.      Improperly supervising and failing to supervise operation of the Project;

      t.      Failing to warn residents of the affected community(ies) after it was known that potentially dangerous and toxic chemicals were being released into the atmosphere;

      u.      Ratifying and approving improper and dangerous operating procedures, routines and practices at the Project; and

      v.      Such other acts and omissions which may be discovered through discovery and presented at trial.

5.3    As a result of these negligent acts and omissions, Plaintiff and the Class Members have been damaged.

**GROSS NEGLIGENCE**

5.4    Plaintiff and the Class Members incorporate by reference each preceding paragraph as though fully set forth herein.

5.5    Plaintiff and the Class Members would show that the conduct of Defendants described herein constitutes gross negligence. Defendants are liable to Plaintiff and the Class Members for gross negligence—to wit:

      a.      Defendants consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendants' actions and/or inactions and Defendants should be held liable in punitive and exemplary damages to Plaintiff and the Class Members;

      b.      Defendants' actions or inactions directly and proximately caused injuries to Plaintiff and the Class Members, which resulted in the damages detailed below.

5.6    Defendants' grossly negligent conduct proximately caused Plaintiff and the Class Members' severe injuries and damages. As a result of such gross negligence of Defendants, Plaintiff and the Class Members are entitled to exemplary damages.

**NEGLIGENCE PER SE**

5.7     Plaintiff and the Class Members incorporate by reference each preceding paragraph as though fully set forth herein.

5.8     Defendants' actions violate Texas law (including without limitation, the Texas Clean Air Act, Chapter 382 of the Texas Health and Safety Code, Chapter 7 of the Texas Water Code, and TCEQ rules and orders promulgated under these statutes) which are intended to protect the public's health and safety by regulating plant operations, emissions and the reporting of toxic chemical emissions, releases, leaks and spills. Plaintiff and the Class Members are among those classes of persons intended to be protected by the environmental laws of this state and country.

5.9     As a result of these unprecedented acts and omissions by Defendants, such violations of state law have resulted in a breach of duty to Plaintiff and the Class Members.

5.10    The aforementioned flagrant and continuous violations by the Defendants of state laws and regulations have been and presents the proximate cause of Plaintiff and the Class Members' damages.

**STRICT LIABILITY FOR ULTRA-HAZARDOUS ACTIVITY**

5.11    incorporate by reference each preceding paragraph as though fully set forth herein.

5.12    Plaintiff and the Class Members further allege that the operation of the Project in its original and defective condition was extremely hazardous and fraught with danger, and therefore, constituted an ultra-hazardous activity under Texas law. Accordingly, Defendants are strictly liable for Plaintiff and the Class Members' injuries and damages proximately caused by the release of toxins into the atmosphere.

**PUBLIC AND PRIVATE NUISANCE AS A MATTER OF LAW**

5.13    Plaintiff and the Class Members re-allege each and every allegation set forth above.

5.14    Plaintiff and the Class Members own or occupy land near the Project and have been (and continue to be) affected by Defendants' conduct during the relevant time period.

5.15    Defendants' acts and omissions, beginning no later than April 2017 caused the Project to be a private and public nuisance and a nuisance *per se.*

5.16    The ongoing release of toxins substantially trespassed upon, interfered with, and invaded Plaintiff and the Class Members' use and enjoyment of their land, as well as the interests of those owning or occupying land in or near the Project by Defendants' intentional conduct, negligence, gross negligence, and negligence as a matter of law.

5.17    Defendants' acts and omissions clearly impair the comfortable enjoyment of life and property for those who own or occupy property near the Project and have caused such persons extreme annoyance, discomfort, fear and loss of peace of mind.

5.18    Further, the acts and omissions complained herein caused contamination of Plaintiff and the Class Members' property. This contamination was (and continues to be) harmful to the health of property owners, was (and continues to be) offensive to their senses, and will obstruct the free use and enjoyment of their property.

5.19    Defendants, for their own purpose and economic profit, chose to create, handle, maintain and release the aforementioned toxins at the Project. In doing so, Defendants released toxins into the atmosphere, which, as a matter of law, constitutes an abnormally dangerous activity.

5.20    Defendants' conduct in producing toxins and causing them to contaminate the property of Plaintiff and the Class Members is actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities or instrumentalities.

5.21    Because Defendants created an abnormally dangerous condition and because Defendants engaged in an abnormally dangerous activity, Defendants are strictly liable to Plaintiff and the Class Members for any harm and injury caused by the abnormally dangerous toxins.

5.22    As a direct and proximate consequence of the nuisance created by Defendants, Plaintiff and the Class Members have been damaged.

**TRESPASS**

5.23    Plaintiff and the Class Members incorporate by reference each preceding paragraph as though fully set forth herein.

5.24    Plaintiff and the Class Members would show that Defendants, in furtherance of their business interests, caused the aforementioned toxins to be produced and released during the conduct of their business at the Project.

5.25    Defendants, at all relevant times, negligently, recklessly or intentionally, or as a result of the abnormally dangerous activity of producing toxins at the Project, caused the property of Plaintiff and the Class Members to be invaded by the aforementioned toxins, causing great and substantial harm to the person, land and chattels of the property-owning Plaintiff and the Class Members.

5.26    As a direct and proximate result of Defendants' trespass, Plaintiff and the Class Members have been damaged.

**CIVIL BATTERY**

5.27    Defendants through their willful, wanton and reckless conduct did cause the aforementioned toxins to be released with knowledge that said toxins would in fact reach Plaintiff and the Class Members and come in to contact with Plaintiff and the Class Members.

5.28    The aforementioned toxins did in fact touch Plaintiff and the Class Members, including being inhaled and/or digested through things that Plaintiff and the Class Members come into contact with on a regular basis.

5.29    The civil battery has caused Plaintiff and the Class Members actual damages which are set forth more fully herein in the Damages section below (Section VII).

## VI.
## CLASS ALLEGATIONS

6.1     Plaintiff brings this class action on behalf of himself and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.2     The Class which the Plaintiffs seek to represent is adequately ascertainable, objectively verifiable, and is defined as:

**ALL NATURAL OR ARTIFICIAL PERSONS RESIDING IN SAN PATRICIO COUNTY, TEXAS FROM JANUARY 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER**

6.3     Excluded from the Class(es) are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class(es) are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

6.4     This class action is appropriate because it satisfies all prerequisites of Federal Rule of Civil Procedure 23(a), and is shown as follows:

### Numerosity

6.5     The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendants have damaged thousands of current and former residents and business owners of San Patricio County, Texas as a result of the emissions from the Project. *See* FED. R. CIV. P. 23(a)(1); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) ("A class consisting of 100 to 150 members is within the 'range that generally satisfies the numerosity requirement.'")

6.6     While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and the Court.

## Commonality

6.7 There are questions of law and fact common to Plaintiff and the Class Members, and those questions substantially predominate over any questions that may affect individual Class Members. *See* FED. R. CIV. P. 23(a)(2).

6.8 Common questions of law and fact include, but are not limited to, the following:

- a. Whether Defendants acted or failed to act to ensure the safety of the residents of San Patricio County, Texas;

- b. Whether Defendants negligently acted or failed to act;

- c. Whether Defendants' acts or omissions amount to gross negligence;

- d. Whether Defendants' acts or omissions caused contaminants to enter the atmosphere;

- e. Whether Defendants' acts or omissions resulted in contaminants entering the atmosphere causing Plaintiff and the Class Members to suffer damages;

- f. Whether Plaintiff and the Class Members have a remedy under substantive federal law for the wrongs complained of;

- g. Whether Plaintiff and the Class Members have a remedy under substantive state law for the wrongs complained of;

- h. Whether Plaintiff and the Class Members sustained damages and are entitled to compensation as a consequence of Defendants' acts or omissions, and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and compensation;

- i. Whether exemplary damages should be awarded to Plaintiff and the Class Members, and the amount that is appropriate under the law; and

- j. Whether, and in what amount, attorneys' fees and costs should be awarded to Plaintiff and the Class Members.

## Typicality

6.9 The claims of Plaintiff are typical of the claims of the Class Members. *See* FED. R. CIV. P. 23(a)(3).

6.10 Plaintiff and the Class Members have been similarly affected by Defendants' common course of conduct because they have all been damaged by Defendants' misconduct in that they have all incurred similar or identical losses relating to damage to their property. Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

### Adequacy of Representation

6.11 Plaintiff will fairly and adequately protect the interests of the Class Members. *See* FED. R. CIV. P. 23(a)(4).

6.12 There are no conflicts of interest between Plaintiff and the Class Members. Additionally, the undersigned attorneys are financially able to prosecute the action to the fullest extent of the law.

### Superiority of Class Action

6.13 This class action is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because class treatment is a superior method to ensure the fair and efficient resolution of this controversy and all issues of law and fact are identical amongst the class members. *See* FED. R. CIV. P. 23(b)(3).

6.14 Allowing the litigation to proceed on a class wide basis is in the Class Members' best interest because their claims are comparatively modest, thereby rendering litigation outside of the class context both expensive and burdensome.

6.15 Finally, should a Class Member prefer to move forward individually, they are free to follow the opt-out procedure and do so. Therefore, the Class Member's interests are best served by this collective treatment and this factor favors certification. *See* FED. R. CIV. P. 23(b)(3)(A).

6.16 To date, there is no other litigation pending on these issues for the Class Members. As such, this factor favors class treatment. *See* FED. R. CIV. P. 23(b)(3)(B).

6.17   Resolving Plaintiff and the Class Members' claims together in this forum is the most efficient and effective possible outcome.

6.18   There are no difficulties in managing this as a class action. There is no greater difficulty in resolving this as a Rule 23 class action. Therefore, this factor also favors certification. *See* FED. R. CIV. P. 23(b)(3)(D).

## VII.
## DAMAGES

7.1   Plaintiff and the Class Members have suffered actual damages some of which include, but are not limited to:

   a) Personal injury;

   b) Mental Anguish;

   c) Property damage;

   d) Out of pocket damages related to the removal of the substance and continued maintenance to personal items;

   e) Diminished market value and/or complete loss of market value of real property;

   f) Loss of use and enjoyment of real and personal property;

   g) And other damages which will be more clear after further inquiry is made and which will accrue over time.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff and the Class Members recover judgment of and from said Defendants, jointly and severally, for their actual and exemplary damages in this cause in such amounts as the evidence

may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest and post-judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff and the Class Members may show that they are justly entitled.

Dated: May 22, 2017　　　　　　　　Respectfully submitted,

            **ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
   **Clif Alexander**
   Federal I.D. No. 1138436
   Texas Bar No. 24064805
   clif@a2xlaw.com
   **Austin W. Anderson**
   Federal I.D. No. 777114
   Texas Bar No. 24045189
   austin@a2xlaw.com
   **Lauren E. Braddy**
   Federal I.D. No. 1122168
   Texas Bar No. 24071993
   lauren@a2xlaw.com
   **Alan Clifton Gordon**
   Federal I.D. No. 19259
   Texas Bar No. 00793838
   cgordon@a2xlaw.com
   819 N. Upper Broadway
   Corpus Christi, Texas 78401
   Telephone: (361) 452-1279
   Facsimile: (361) 452-1284

   **LILES WHITE PLLC**

By: /s/ *Stuart R. White*
   **Stuart R. White**
   Federal I.D. No. 11448833
   Texas Bar No. 24075268
   stuart@lileswhite.com
   **Kevin W. Liles**
   Federal I.D. No. 21501
   Texas Bar No. 00798329
   kevin@lileswhite.com
   **Todd A. Hunter, Jr.**
   Federal I.D. No. 2174318
   Texas Bar No. 24087774
   todd@lileswhite.com
   500 N. Water Street, Suite 800
   Corpus Christi, Texas 78401
   Telephone: (361) 826-0100
   Facsimile: (361) 826-0101

   **ATTORNEYS IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS**