UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BLAKE CHAPMAN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-174 |
| | § | |
| VOESTALPINE USA CORP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS OR STAY
## <u>REQUEST FOR PERMANENT INJUNCTIVE RELIEF</u>

Defendants voestalpine Texas Holding, LLC and voestalpine Texas LLC own and operate the La Quinta iron processing plant, which is an alleged source of airborne metallic particulates. Plaintiffs are owners of real and/or personal property located in the vicinity of the plant. They filed this action against Defendants because the particulates settle on their property, causing rust and other damage. The claims sound in state law actions for private nuisance, negligence, and trespass. Plaintiffs seek monetary damages, as well as injunctive relief to permanently reduce or eliminate Defendants' particulate emissions. D.E. 53.

Before the Court is Defendants' "Motion to Dismiss or, Alternatively, Stay Permanent Injunction Claim" (D.E. 58/59), complaining that the claim for injunctive relief is not ripe and that this Court does not have subject matter jurisdiction to consider such relief as it invades the province of the Texas Commission on Environmental Quality (TCEQ). Alternatively, Defendants argue that this Court should stay any consideration of injunctive relief in favor of the TCEQ's permitting process on the grounds of primary

1 / 8

jurisdiction. Plaintiffs have responded (D.E. 63) and Defendants have replied (D.E. 66). For the reasons set out below, the Court DENIES the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction if the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction—Plaintiffs, here. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A plaintiff's uncontroverted factual allegations are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. Nature of Injunctive Relief Sought

Initially, Plaintiffs sought only damages for personal injury, mental anguish, property damage, expenses for mitigating losses, lost market value of real and personal property, and loss of use and enjoyment of real and personal property, along with

exemplary damages. D.E. 1, 10, 29, 40. In Plaintiffs' Fourth Amended Complaint for Damages and Permanent Injunctive Relief (D.E. 53), filed January 29, 2019, Plaintiffs added their request for permanent injunctive relief, to redress their complaints based on liability theories that have been constant throughout their pleadings. Defendants characterize the request for injunctive relief as (1) a separate claim that is (2) designed to interfere with the permitting jurisdiction of the TCEQ. Neither is true.

Injunctive relief is merely a remedy available, for instance, to address a trespasser's invasion of land, destruction of an owner's use and enjoyment, and repeated or continuing trespass for which legal remedies are inadequate. *Beathard Joint Venture v. West Houston Airport Corp.*, 72 S.W.3d 426, 432 (Tex. App.—Texarkana 2002, no pet.) (injunctive relief for trespass of this kind is appropriate upon showing of imminent harm, irreparable damages, and inadequate remedy at law); *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.—Fort Worth 1994, writ dism'd) (denying relief, but recognizing appropriate bases for granting it). Such relief is also available to redress a nuisance, depending on the balance of the harm from the operation of a facility against the harm to the facility owners and public. *1717 Bissonnet, LLC v. Loughhead*, 500 S.W.3d 488, 500 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (denying injunctive relief); *Hot Rod Hill Motor Park v. Triolo*, 276 S.W.3d 565, 568 (Tex. App.—Waco 2008, no pet.) (affirming injunction preventing operation of a race track).

According to the Texas Clean Air Act, as enforced under the provisions of the Texas Water Code[1],

> The remedies under this chapter are cumulative of all other remedies. Nothing in this chapter affects the right of a private corporation or individual to pursue any available common law remedy to abate a condition of pollution or other nuisance, to recover damages to enforce a right, or to prevent or seek redress or compensation for the violation of a right or otherwise redress an injury.

Tex. Water Code § 7.004. Also, "[t]his chapter does not exempt a person from complying with or being subject to other law." *Id.* at 7.005.

The injunctive relief requested is further consistent with the provisions of Defendants' TCEQ permit, according to the allegations, taken as true. The permit allows for controls in addition to those acknowledged in granting the permit and specifically directs Defendants to not create a nuisance. D.E. 53, p. 9. Plaintiffs seek measures to reduce Defendants' emissions of particulates, consistent with the TCEQ's purpose and to bring Defendants into compliance with the terms of their current TCEQ permit. Such measures include, but are not limited to:

- The installation and use of a Particulate Matter Continuous Emissions Monitor with trained personnel;

- Installation and use of a closed circuit television system to monitor yard and material handling issues;

- Installation and use of a meteorological station to determine when stop work orders should be issued to avoid excessive emissions on dry, dusty days;

---

[1] Tex. Water Code §§ 5.013(a)(11), 7.002, 7.00251 provide the enforcement mechanism for Texas Health & Safety Code ch. 382, the Texas Clean Air Act.

- Use of an Environmental Management Information System to track deviations and episodic releases to enhance communication and timely actions to address anomalies in the operations and emissions;

- Make changes to the cooling tower to correct design flaws and reduce particulate emissions; and

- Implement a flare minimization plan, including addressing facility operating limits.

D.E. 53, pp. 21-30. While the allegations note that Defendants intend to seek a modification of their permit to increase the level of particulates they are allowed to emit, the injunctive relief requested does not require this Court to interfere with the permitting process. Instead, Plaintiffs seek relief that will bring Defendants into compliance with the permit already obtained and will supplement current measures to reduce emissions, all as contemplated by the statutory scheme that contemplates protection of their private interests.

## B. Ripeness

Defendants complain that the request for injunctive relief is not ripe because it relates to a TCEQ permitting process that has not yet begun. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). This is a common problem when a regulatory process may lead to offending land use.

For instance, Defendants cite *Monk v. Huston*, 340 F.3d 279, 282-83 (5th Cir. 2003), a landfill case. The tortious conduct would not occur unless a regulatory permit approved a landfill operation—an operation that had not yet begun. The *Monk* plaintiffs predicated their complaint on a denial of procedural due process in the regulatory

permitting proceedings—due process rights that do not exist absent a deprivation of life, liberty, or property. The *Monk* opinion states that the claim is not ripe until that deprivation occurs, which would only be after the regulatory agency issued the permit— if it issued the permit.

Defendants' other cases on ripeness have similar holdings. *Abdelhak v. City of San Antonio*, 509 F. App'x 326, 329 (5th Cir. 2013) (no takings claim absent final decision on a request for variance); *Smith v. City of Brenham, Tex.*, 865 F.2d 662, 664 (5th Cir. 1989) (no uncompensated taking without permit initiating creation and operation of landfill); and *Texas Comm'n on Envtl. Quality v. Guadalupe Cty. Groundwater Conservation Dist.*, No. 04-15-00433-CV, 2016 WL 1371775, at \*4 (Tex. App.—San Antonio Apr. 6, 2016) (claim not ripe until pending permitting process completed, allowing offending operations). If no harm will occur until a permit is issued, the claim for damage done is not ripe.

Plaintiffs' claim, however, is based on allegations that particulate emissions have occurred for over two years and continue to occur—violating Defendants' existing TCEQ Title V permit. If proven, such a claim could justify some injunctive relief designed to reduce or eliminate those emissions or the harm that they cause. The exact nature of that relief would depend on what the evidence demonstrates. The options for injunctive relief are not so limited that this Court is precluded from considering any such relief simply because Defendants hold a TCEQ permit.

Because Plaintiffs' have alleged an existing and ongoing tortious act, the claims are ripe. They are not contingent on any future TCEQ Title V permitting process. The

Court DENIES Defendants' motion to the extent it seeks to preclude any remedy involving injunctive relief.

## C. Exclusive Jurisdiction

Defendants argue that the TCEQ has exclusive jurisdiction over the subject matter at issue and that Plaintiffs must exhaust their administrative remedies before bringing their claim in this Court. This is true if the statutory authorization for the agency clearly abrogates common law rights. *See Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 428 (Tex. 2017). It does not. Instead, it expressly preserves common law rights. Tex. Water Code § 7.004. The Court DENIES Defendants' motion with respect to its assertion of TCEQ exclusive jurisdiction.

## D. Primary Jurisdiction

Defendants also ask the Court to stay the injunctive relief issues in favor of the TCEQ's exercise of primary jurisdiction. As already noted, the TCEQ does not have jurisdiction to evaluate Plaintiff's common law claims. Those claims were preserved for judicial action. Tex. Water Code § 7.004. And Defendants have failed to demonstrate that there is any pending proceeding that would address Plaintiffs' complaints to which the Court should defer. Rather, Defendants—in a permit modification proceeding not yet initiated—are expected to seek a permit that would perpetuate the damage that Plaintiffs are already allegedly suffering. The Court DENIES Defendants' motion with respect to its request for a stay of injunctive relief pursuant to the primary jurisdiction doctrine.

**CONCLUSION**

For the reasons set out above, the court DENIES Defendants' motion to dismiss or, alternatively, to stay permanent injunction (D.E. 58/59).

ORDERED this 11th day of June, 2019.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE